**FILED**
**NOVEMBER 29, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MS. ANTIONNETTE ZIETLOW | ) | **07 C 6724** |
| Plaintiff, | ) | |
| vs. | ) | **JUDGE MANNING** |
| | ) No. | **MAGISTRATE JUDGE DENLOW** |
| MERCHANTS' CREDIT GUIDE CO., | ) | |
| an Illinois corporation, and | ) | Jury Demanded |
| DELINQUENCY PREVENTION | ) | |
| SERVICES, INC., an Illinois corporation. | ) | |
| Defendants. | ) | |

## COMPLAINT

The Plaintiff, Ms. Antoinette Zietlow, (hereinafter, "Ms. Zietlow"), by and through her attorneys, Russell J. Heitz of the Law Offices of Heitz & Bromberek, complains against the Defendants, Merchants' Credit Guide Co., an Illinois corporation, (hereinafter, "MCG"), and Delinquency Prevention Services, Inc., an Illinois corporation (hereinafter, "DPS"), as follows:

### GENERAL ALLEGATIONS

1.   This is an action for declaratory and injunctive relief and for damages against the Defendants to redress the deprivation of the Plaintiff's civil rights secured to the Plaintiff by the Civil Rights Act of 1964, as amended, 42, U.S.C. §2000(e) et seq., and the Pregnancy Discrimination Act., 42 U.S.C.§2000(e)(k).

2.   Ms. Zietlow is a resident of DuPage County, Illinois.

3. MCG is a debt collection business, employing 15 or more persons.

4. DPS is a debt collection business employing 15 or more persons.

5. At all times relevant hereto, MCG and DPS employed more than 100 employees in the aggregate.

6. On or about August 30, 2004, Ms. Zietlow was hired by both MCG and DPS as a "sales consultant" with a job description, "to diligently sell the services of MCG and DPS to the credit granting market place". (A copy of the initial employment offer letter given to Ms. Zietlow by MCG and DPS, written on MCG letterhead, and Ms. Zietlow's business cards from MCG and DPS are attached hereto and made a part hereof as Group Exhibit "A").

7. At all times relevant hereto, MCG was Ms. Zietlow's employer within the meaning of Title VII, as amended, 42 U.S.C. §2000(e) et seq.

8. At all times relevant hereto, DPS was Ms. Zietlow's employer within the meaning of Title VII, as amended, 42 U.S.C. §2000(e) et seq.

9. Ms. Zietlow worked as a sales consultant for both MCG and DPS up until February 23, 2006 which was the date that Ms. Zietlow was first notified that she was being fired from both MCG and DPS. (A copy of Ms. Zietlow's "Auto Mileage Expenses" for January, 2006 issued on MCG letterhead and reflecting her position as "DPS/MCG rep" is attached hereto and made a part hereof as Exhibit "B").

10. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1367 and Title VII, 42 U.S.C. §et seq.

11. Venue is proper under 28 U.S.C. §1391 because the acts complained of by Ms. Zietlow occurred within this judicial district and because the Defendants conduct and operation of business is within this judicial district.

12. On or about August 22, 2006, Ms. Zietlow timely filed her Charge of Discrimination against both MCG and DPS alleging sex and pregnancy discrimination. (The August 22, 2006, Charge of Discrimination, 440-2006-09104, is attached as Pages 2 and 3 of Group Exhibit "C" attached hereto).

13. On or about December 19, 2006, Ms. Zietlow filed her Amended Charge of Discrimination against both MCG and DPS alleging retaliation in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e) et seq. (A copy of the Amended Charge of Discrimination No. 440-2006-09104 is attached as Pages 4, 5 and 6 of Group Exhibit "C").

14. On August 31, 2007, the EEOC issued to Ms. Zietlow a "Notice of Right to Sue" which was received by Ms. Zietlow on September 5, 2007. (A copy of the EEOC's "Notice of Right to Sue" is attached hereto and made a part hereof as Group Exhibit "C").

15. Ms. Zietlow has timely filed her Complaint against both MCG and DPS pursuant to the aforementioned "Notice of Right to Sue".

## COUNT I
## VIOLATION OF TITLE VII – SEXUAL DISCRIMINATION AGAINST MCG

1-15. Ms. Zietlow restates and realleges Paragraphs 1 through 15 of Common Allegations as Paragraphs 1 through 15 of this Count I.

16. Ms. Zietlow was employed by MCG from approximately August 30, 2004 until February 23, 2006.

17. MCG learned on or about January 17, 2006 that Ms. Zietlow was newly pregnant.

18. Subsequent to January 17, 2006, MCG made the decision to fire Ms. Zietlow and first notified Ms. Zietlow that she was being fired on the day she was fired which was February 23, 2006.

19. During the course of Ms. Zietlow's employment with MCG Ms. Zietlow had increasingly been subjected to discrimination on the basis of her gender, female, in the following ways:

　　a. Ms. Zietlow has been treated differently than males;

　　b. Ms. Zietlow has been subjected to unequal terms and conditions of employment because of her gender and/or pregnancy; and,

　　c. Ms. Zietlow was terminated on February 23, 2006 due to her gender and/or pregnancy.

20. As a direct and proximate result of the foregoing unlawful employment practices and disregard for Ms. Zietlow's federally protected rights, Ms. Zietlow has suffered loss of pay, economic loss, damages, embarrassment, humiliation, emotional distress, disruption of her personal and professional life, and other forms of damage, including suffering a miscarriage and being forced to file for bankruptcy protection.

WHEREFORE, the Plaintiff, Ms. Antoinette Zietlow, prays that this Honorable Court:

    a.    Enter a judgment in Plaintiff's favor and against MCG for its violation of Title VII, 42 U.S.C. §2000(e), et seq;

    b.    Award Plaintiff actual damages suffered including lost wages and damages;

    c.    Award Plaintiff compensatory damages under Title VII to compensate her for the embarrassment, anxiety, humiliation and emotional distress she has suffered;

    d.    Award Plaintiff punitive damages for MCG's willful violations of Title VII;

    e.    Award Plaintiff prejudgment interest on her damages award;

    f.    Award Plaintiff reinstatement to her former position;

    g.    Enjoin the Defendant, MCG, its officers, agents and all others working in concert or participation with them from discriminating or harassing Plaintiff and any employee.

    h.    Award Plaintiff reasonable costs and attorneys' fees; and,

    i.    Grant such other and further relief, as this Court deems equitable and just.

## COUNT II

## VIOLATION OF TITLE VII – SEXUAL DISCRIMINATION AGAINST DPS

1-15.   Ms. Zietlow restates and realleges Paragraphs 1 through 15 of Common Allegations as Paragraphs 1 through 15 of this Count II.

16.   Ms. Zietlow was employed by DPS from approximately August 30, 2004 until February 23, 2006.

17.   DPS learned on or about January 17, 2006 that Ms. Zietlow was newly pregnant.

18.   Subsequent to January 17, 2006, DPS made the decision to fire Ms. Zietlow and first notify Ms. Zietlow that she was being fired on the day she was fired which was February 23, 2006.

19.   During the court of Ms. Zietlow's employment with DPS Ms. Zietlow had increasingly been subjected to discrimination on the basis of her gender, female, in the following ways:

    a.   Ms. Zietlow has been treated differently than males;

    b.   Ms. Zietlow has been subjected to unequal terms and conditions of employment because of her gender and/or pregnancy; and,

    c.   Ms. Zietlow was terminated on February 23, 2006 due to her gender and/or pregnancy.

20.   As a direct and proximate result of the foregoing unlawful employment practices and disregard for Ms. Zietlow's federally protected rights, Ms. Zietlow has suffered loss of pay, economic loss, damages, embarrassment, humiliation, emotional distress,

disruption of her personal and professional life, and other forms of damage, including suffering a miscarriage and being forced to file for bankruptcy protection.

WHEREFORE, the Plaintiff, Ms. Antoinette Zietlow, prays that this Honorable Court:

    a. Enter a judgment in Plaintiff's favor and against DPS for its violation of Title VII, 42 U.S.C. §2000(e), et seq;

    b. Award Plaintiff actual damages suffered including lost wages and damages;

    c. Award Plaintiff compensatory damages under Title VII to compensate her for the embarrassment, anxiety, humiliation and emotional distress she has suffered;

    d. Award Plaintiff punitive damages for DPS's willful violations of Title VII;

    e. Award Plaintiff prejudgment interest on her damages award;

    f. Award Plaintiff reinstatement to her former position;

    g. Enjoin the Defendant, DPS, its officers, agents and all others working in concert or participation with them from discriminating or harassing Plaintiff and any employee.

    h. Award Plaintiff reasonable costs and attorneys' fees; and,

    i. Grant such other and further relief, as this Court deems equitable and just.

## COUNT III
## VIOLATION OF TITLE VII – PREGNANCY DISCRIMINATION AGAINST MCG

1-15.    Ms. Zietlow restates and realleges Paragraphs 1 through 15 of Common Allegations as Paragraphs 1 through 15 of this Count III.

16.    Ms. Zietlow was employed by MCG from approximately August 30, 2004 until February 23, 2006.

17.    MCG learned on or about January 17, 2006 that Ms. Zietlow was newly pregnant.

18.    Subsequent to January 17, 2006, MCG made the decision to fire Ms. Zietlow and first notified Ms. Zietlow that she was being fired on the day she was fired which was February 23, 2006.

19.    During the course of Ms. Zietlow's employment with MCG Ms. Zietlow had increasingly been subjected to discrimination on the basis of her gender, female, in the following ways:

    a.    Ms. Zietlow has been treated differently than males;

    b.    Ms. Zietlow has been subjected to unequal terms and conditions of employment because of her gender and/or pregnancy; and,

    c.    Ms. Zietlow was terminated on February 23, 2006 due to her gender and/or pregnancy.

20.    As a direct and proximate result of the foregoing unlawful employment practices and disregard for Ms. Zietlow's federally protected rights, Ms. Zietlow has suffered loss of pay, economic loss, damages, embarrassment, humiliation, emotional distress,

disruption of her personal and professional life, and other forms of damage, including suffering a miscarriage and being forced to file for bankruptcy protection.

WHEREFORE, the Plaintiff, Ms. Antoinette Zietlow, prays that this Honorable Court:

    a.    Enter a judgment in Plaintiff's favor and against MCG for its violation of Title VII, 42 U.S.C. §2000(e), et seq;

    b.    Award Plaintiff actual damages suffered including lost wages and damages;

    c.    Award Plaintiff compensatory damages under Title VII to compensate her for the embarrassment, anxiety, humiliation and emotional distress she has suffered;

    d.    Award Plaintiff punitive damages for MCG's willful violations of Title VII;

    e.    Award Plaintiff prejudgment interest on her damages award;

    f.    Award Plaintiff reinstatement to her former position;

    g.    Enjoin the Defendant, MCG, its officers, agents and all others working in concert or participation with them from discriminating or harassing Plaintiff and any employee.

    h.    Award Plaintiff reasonable costs and attorneys' fees; and,

    i.    Grant such other and further relief, as this Court deems equitable and just.

## COUNT IV
## VIOLATION OF TITLE VII – PREGNANCY DISCRIMINATION AGAINST DPS

1-15.  Ms. Zietlow restates and realleges Paragraphs 1 through 15 of Common Allegations as Paragraphs 1 through 15 of this Count IV.

16.  Ms. Zietlow was employed by DPS from approximately August 30, 2004 until February 23, 2006.

17.  DPS learned on or about January 17, 2006 that Ms. Zietlow was newly pregnant.

18.  Subsequent to January 17, 2006, DPS made the decision to fire Ms. Zietlow and first notify Ms. Zietlow that she was being fired on the day she was fired which was February 23, 2006.

19.  During the court of Ms. Zietlow's employment with DPS Ms. Zietlow had increasingly been subjected to discrimination on the basis of her gender, female, in the following ways:

    a.  Ms. Zietlow has been treated differently than males;

    b.  Ms. Zietlow has been subjected to unequal terms and conditions of employment because of her gender and/or pregnancy; and,

    c.  Ms. Zietlow was terminated on February 23, 2006 due to her gender and/or pregnancy.

20.  As a direct and proximate result of the foregoing unlawful employment practices and disregard for Ms. Zietlow's federally protected rights, Ms. Zietlow has suffered loss of pay, economic loss, damages, embarrassment, humiliation, emotional distress,

disruption of her personal and professional life, and other forms of damage, including suffering a miscarriage and being forced to file for bankruptcy protection.

WHEREFORE, the Plaintiff, Ms. Antoinette Zietlow, prays that this Honorable Court:

    a.    Enter a judgment in Plaintiff's favor and against DPS for its violation of Title VII, 42 U.S.C. §2000(e), et seq;

    b.    Award Plaintiff actual damages suffered including lost wages and damages;

    c.    Award Plaintiff compensatory damages under Title VII to compensate her for the embarrassment, anxiety, humiliation and emotional distress she has suffered;

    d.    Award Plaintiff punitive damages for DPS's willful violations of Title VII;

    e.    Award Plaintiff prejudgment interest on her damages award;

    f.    Award Plaintiff reinstatement to her former position;

    g.    Enjoin the Defendant, DPS, its officers, agents and all others working in concert or participation with them from discriminating or harassing Plaintiff and any employee.

    h.    Award Plaintiff reasonable costs and attorneys' fees; and,

    i.    Grant such other and further relief, as this Court deems equitable and just.

### COUNT V – VIOLATION OF TITLE VII – RETALIATION AGAINST MCG

1-15.   Ms. Zietlow restates and realleges Paragraphs 1 through 15 of Common Allegations as Paragraphs 1 through 15 of this Count V

16.   MCG intentionally retaliated against Ms. Zietlow by terminating her employment in response to her objecting to what she considered to be discriminatory.

17.   MCG intentionally subjected Ms. Zietlow to unequal and discriminatory treatment by retaliating against her for complaining about discrimination.

18.   By engaging and condoning retaliatory conduct, MCG discriminated against Ms. Zietlow in violation of 42 U.S.C. §2000e-3, as amended.

19.   As a direct and proximate result of the foregoing unlawful employment practices and disregard for Ms. Zietlow's federally protected rights, Ms. Zietlow has suffered loss of pay, economic loss, damages, embarrassment, humiliation, emotional distress, disruption of her personal and professional life, and other forms of damage, including suffering a miscarriage and being forced to file for bankruptcy protection.

WHEREFORE, the Plaintiff, Ms. Antoinette Zietlow, prays that this Honorable Court:

    a.   Enter a judgment in Plaintiff's favor and against MCG for its violation of Title VII, 42 U.S.C. §2000(e), et seq;

    b.   Award Plaintiff actual damages suffered including lost wages and damages;

      c.      Award Plaintiff compensatory damages under Title VII to compensate her for the embarrassment, anxiety, humiliation and emotional distress she has suffered;

      d.      Award Plaintiff punitive damages for MCG's willful violations of Title VII;

      e.      Award Plaintiff prejudgment interest on her damages award;

      f.      Award Plaintiff reinstatement to her former position;

      g.      Enjoin the Defendant, MCG, its officers, agents and all others working in concert or participation with them from discriminating or harassing Plaintiff and any employee.

      h.      Award Plaintiff reasonable costs and attorneys' fees; and,

      i.      Grant such other and further relief, as this Court deems equitable and just

### COUNT VI – VIOLATION OF TITLE VII – RETALIATION AGAINST DPS

1-15.  Ms. Zietlow restates and realleges Paragraphs 1 through 15 of Common Allegations as Paragraphs 1 through 15 of this Count VI

16.  DPS intentionally retaliated against Ms. Zietlow by terminating her employment in response to her objecting to what she considered to be discriminatory.

17.  DPS intentionally subjected Ms. Zietlow to unequal and discriminatory treatment by retaliating against her for complaining about discrimination.

18.  By engaging and condoning retaliatory conduct, DPS discriminated against Ms. Zietlow in violation of 42 U.S.C. §2000e-3, as amended.

19.     As a direct and proximate result of the foregoing unlawful employment practices and disregard for Ms. Zietlow's federally protected rights, Ms. Zietlow has suffered loss of pay, economic loss, damages, embarrassment, humiliation, emotional distress, disruption of her personal and professional life, and other forms of damage, including suffering a miscarriage and being forced to file for bankruptcy protection.

WHEREFORE, the Plaintiff, Ms. Antoinette Zietlow, prays that this Honorable Court:

a.     Enter a judgment in Plaintiff's favor and against DPS for its violation of Title VII, 42 U.S.C. §2000(e), et seq;

b.     Award Plaintiff actual damages suffered including lost wages and damages;

c.     Award Plaintiff compensatory damages under Title VII to compensate her for the embarrassment, anxiety, humiliation and emotional distress she has suffered;

d.     Award Plaintiff punitive damages for DPS's willful violations of Title VII;

e.     Award Plaintiff prejudgment interest on her damages award;

f.     Award Plaintiff reinstatement to her former position;

g.     Enjoin the Defendant, DPS, its officers, agents and all others working in concert or participation with them from discriminating or harassing Plaintiff and any employee.

h.     Award Plaintiff reasonable costs and attorneys' fees; and,

      i.      Grant such other and further relief, as this Court deems equitable and just

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS THAT ARE TRIABLE BY A JURY.**

Respectfully Submitted,

Antoinette Zietlow

By: s/ Russell J. Heitz

Russell J. Heitz
HEITZ & BROMBEREK
300 E 5th Ave., Suite 380
Naperville IL   60563
ARDC #06201289