IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTOINETTE ZIETLOW, ) | |
| ) | |
| Plaintiff, ) | Case No. 07 C 6724 |
| ) | |
| vs. ) | |
| ) | Judge Manning |
| MERCHANTS' CREDIT GUIDE CO., ) | |
| an Illinois corporation, and ) | Magistrate Judge Denlow |
| DELINQUENCY PREVENTION SERVICES, ) | |
| INC., an Illinois corporation. ) | |
| ) | |
| Defendants. ) | |

**AMENDED ANSWER TO COMPLAINT**

Defendants, Merchants Credit Guide Co. and Delinquency Prevention Services, by and through their attorneys, Andrew B. Cripe and Scott M. Gilbert of Hinshaw & Culbertson LLP, for their Amended Answer to Plaintiff's Complaint, state as follows:

**GENERAL ALLEGATIONS**

1. This is an action for declaratory and injunctive relief and for damages against the Defendants to redress the deprivation of the Plaintiffs civil rights secured to the Plaintiff by the Civil Rights Act of 1964, as amended, 42, U.S.C. §2000(e) et seq., and the Pregnancy Discrimination Act., 42 U.S.C.§2000(e)(k).

**ANSWER: Defendants admit that the Plaintiff is seeking damages under the statutes set forth in Paragraph 1 of the Complaint, but denies any violation of the same, and further denies that the Plaintiff is entitled to any damages from this Defendant.**

2. Ms. Zietlow is a resident of DuPage County, Illinois.

**ANSWER: Defendants lack sufficient knowledge to either admit or deny the allegations set forth in Paragraph 2 of the Complaint, and demand strict proof thereof.**

3. MCG is a debt collection business, employing 15 or more persons.

**ANSWER: Admitted.**

4. DPS is a debt collection business employing 15 or more persons.

**ANSWER: Defendants admit that DPS is a debt collection business, but deny that it has any employees.**

5.    At all times relevant hereto, MCG and DPS employed more than 100 employees in the aggregate.

**ANSWER: Defendants admit that MCG employed more than 100 employees at times during the years 2004 through 2006. Defendants deny that DPS ever had any employees.**

6.    On or about August 30, 2004, Ms. Zietlow was hired by both MCG and DPS as a "sales consultant" with a job description, "to diligently sell the services of MCG and DPS to the credit granting market place". (A copy of the initial employment offer letter given to Ms. Zietlow by MCG and DPS, written on MCG letterhead, and Ms. Zietlow's business cards from MCG and DPS are attached hereto and made a part hereof as Group Exhibit "A").

**ANSWER: Defendants admit that the Plaintiff was hired by MCG on or about August 30, 2004 to perform services for both MCG and DPS by selling the services of both companies, but Defendants deny that the Plaintiff was an employee of DPS. Defendants deny that the language quoted within Paragraph 6 of the Complaint represents a complete or official job description for the Plaintiff's position of employment with MCG, and further assert that the content of Exhibit A to the Complaint speaks for itself.**

7.    At all times relevant hereto, MCG was Ms. Zietlow's employer within the meaning of Title VII, as amended, 42 U.S.C. §2000(e) et seq.

**ANSWER: Defendants admit that MCG was the Plaintiff's employer from August 30, 2004 until February 24, 2006.**

8.    At all times relevant hereto, DPS was Ms. Zietlow's employer within the meaning of Title VII, as amended, 42 U.S.C. §2000(e) et seq.

**ANSWER: Defendants deny that DPS was the Plaintiff's employer at any time, including the period from August 30, 2004 until February 24, 2006.**

9.    Ms. Zietlow worked as a sales consultant for both MCG and DPS up until February 23, 2006 which was the date that Ms. Zietlow was first notified that she was being fired from both MCG and DPS. (A copy of Ms. Zietlow's "Auto Mileage Expenses" for January, 2006 issued on MCG letterhead and reflecting her position as "DPS/MCG rep" is attached hereto and made a part hereof as Exhibit "B").

**ANSWER: Defendants admit that the Plaintiff was employed by MCG and sold the services of MCG and DPS until February 24, 2006 as a service representative. Defendants deny that the Plaintiff was first informed of her termination on February 23, 2006.**

10.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1367 and Title VII, 42 U.S.C. §et seq.

**ANSWER: Defendants admit this Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 42 U.S.C. §2000(e)** *et seq.*  **Defendants deny that this Court is required to exercise supplemental jurisdiction over any claim in the Plaintiff's Complaint pursuant to 28 U.S.C. §1367.  Defendant further denies any violation of 42 U.S.C. §2000(e)** *et seq.*

11.    Venue is proper under 28 U.S.C. §1391 because the acts complained of by Ms. Zietlow occurred within this judicial district and because the Defendants conduct and operation of business is within this judicial district.

**ANSWER: Defendants admit that venue is proper.**

12.    On or about August 22, 2006, Ms. Zietlow timely filed her Charge of Discrimination against both MCG and DPS alleging sex and pregnancy discrimination. (The August 22, 2006, Charge of Discrimination, 440-2006-09104, is attached as Pages 2 and 3 of Group Exhibit "C" attached hereto).

**ANSWER: Defendants admit that Plaintiff filed a charge of discrimination on August 22, 2006.  Defendants deny that the Plaintiff timely filed her Charge of Discrimination under the Illinois Human Rights Act.  Defendants further deny that the Plaintiff timely filed any charge with Equal Employment Opportunity Commission other than those related to her termination.**

13.    On or about December 19, 2006, Ms. Zietlow filed her Amended Charge of Discrimination against both MCG and DPS alleging retaliation in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e) et seq. (A copy of the Amended Charge of Discrimination No. 440-2006-09104 is attached as Pages 4, 5 and 6 of Group Exhibit "C").

**ANSWER: Defendants admit that Plaintiff's attorney executed a document titled "Amended Exhibit A to the Charge of Discrimination" on December 19, 2006.  Defendants deny that the document in question alleges any form of retaliatory conduct.**

14.    On August 31, 2007, the EEOC issued to Ms. Zietlow a "Notice of Right to Sue" which was received by Ms. Zietlow on September 5, 2007. (A copy of the EEOC's "Notice of Right to Sue" is attached hereto and made a part hereof as Group Exhibit "C").

**ANSWER: Defendants admit that the EEOC issued a Right to Sue letter to the Plaintiff on August 31, 2007.  Defendants have insufficient knowledge to either admit or deny the remaining allegation in Paragraph 14 of the Complaint, and demand strict proof of the same.**

15.    Ms. Zietlow has timely filed her Complaint against both MCG and DPS pursuant to the aforementioned "Notice of Right to Sue".

**ANSWER: Defendants admit that Plaintiff filed her Complaint within 90 days of receiving the EEOC's Right to Sue Letter.  Defendants deny that any claim other than those related to the Plaintiff's termination is timely.**

3

## **COUNT I**

## **VIOLATION OF TITLE VII – SEXUAL DISCRIMINATION AGAINST MCG**

1-15.　Ms. Zietlow restates and realleges Paragraphs 1 through 15 of Common Allegations as Paragraphs 1 through 15 of this Count I.

**ANSWER: Defendant MCG restates and reasserts its Answers to Paragraphs 1 through 15 as though stated herein.**

16.　Ms. Zietlow was employed by MCG from approximately August 30, 2004 until February 23, 2006.

**ANSWER: Defendant MCG admits that the Plaintiff was employed by MCG between August 30, 2004 and February 24, 2006.**

17.　MCG learned on or about January 17, 2006 that Ms. Zietlow was newly pregnant.

**ANSWER: Defendant MCG denies the allegations set forth in Count I, Paragraph 17 of the Complaint. Defendant MCG learned of the Plaintiff's pregnancy on or about February 16, 2006.**

18.　Subsequent to January 17, 2006, MCG made the decision to fire Ms. Zietlow and first notified Ms. Zietlow that she was being fired on the day she was fired which was February 23, 2006.

**ANSWER: Defendant MCG denies the allegations set forth in Count I, Paragraph 18 of the Complaint.**

19.　During the course of Ms. Zietlow's employment with MCG Ms. Zietlow had increasingly been subjected to discrimination on the basis of her gender, female, in the following ways:

　　a.　Ms. Zietlow has been treated differently than males;

　　b.　Ms. Zietlow has been subjected to unequal terms and conditions of employment because of her gender and/or pregnancy; and,

　　c.　Ms. Zietlow was terminated on February 23, 2006 due to her gender and/or pregnancy.

**ANSWER: Defendant MCG denies the allegations set forth in Count I, Paragraph 19 of the Complaint, including each and every allegation contained in subparagraphs (a) – (c).**

20.　As a direct and proximate result of the foregoing unlawful employment practices and disregard for Ms. Zietlow's federally protected rights, Ms. Zietlow has suffered loss of pay, economic loss, damages, embarrassment, humiliation, emotional distress, disruption of her personal and professional life, and other forms of damage, including suffering a miscarriage and being forced to file for bankruptcy protection.

**ANSWER: Defendant MCG denies the allegations set forth in Count I, Paragraph 20 of the Complaint.**

## COUNT II

## VIOLATION OF TITLE VII – SEXUAL DISCRIMINATION AGAINST DPS

1-15.   Ms. Zietlow restates and realleges Paragraphs 1 through 15 of Common Allegations as Paragraphs 1 through 15 of this Count II.

**ANSWER: Defendant DPS restates and reasserts its Answers to Paragraphs 1 through 15 as though stated herein.**

16.   Ms. Zietlow was employed by DPS from approximately August 30, 2004 until February 23, 2006.

**ANSWER: Defendant DPS denies that the Plaintiff was ever employed by it, including during the time between August 30, 2004 and February 24, 2006.**

17.   DPS learned on or about January 17, 2006 that Ms. Zietlow was newly pregnant.

**ANSWER: Defendant DPS denies the allegations set forth in Count II, Paragraph 17 of the Complaint.  Defendant learned of the Plaintiff's pregnancy on or about February 16, 2006.**

18.   Subsequent to January 17, 2006, DPS made the decision to fire Ms. Zietlow and first notify Ms. Zietlow that she was being fired on the day she was fired which was February 23, 2006.

**ANSWER: Defendant DPS denies the allegations set forth in Count II, Paragraph 18 of the Complaint.**

19.   During the court of Ms. Zietlow's employment with DPS Ms. Zietlow had increasingly been subjected to discrimination on the basis of her gender, female, in the following ways:

   a.   Ms. Zietlow has been treated differently than males;

   b.   Ms. Zietlow has been subjected to unequal terms and conditions of employment because of her gender and/or pregnancy; and,

   c.   Ms. Zietlow was terminated on February 23, 2006 due to her gender and/or pregnancy.

**ANSWER: Defendant DPS denies the allegations set forth in Count II, Paragraph 19 of the Complaint, including each and every allegation contained in subparagraphs (a) – (c).**

20.   As a direct and proximate result of the foregoing unlawful employment practices and disregard for Ms. Zietlow's federally protected rights, Ms. Zietlow has suffered loss of pay,

economic loss, damages, embarrassment, humiliation, emotional distress, disruption of her personal and professional life, and other forms of damage, including suffering a miscarriage and being forced to file for bankruptcy protection.

**ANSWER: Defendant DPS denies the allegations set forth in Count II, Paragraph 20 of the Complaint.**

## COUNT III

### VIOLATION OF TITLE VII – PREGNANCY DISCRIMINATION AGAINST MCG

1-15. Ms. Zietlow restates and realleges Paragraphs 1 through 15 of Common Allegations as Paragraphs 1 through 15 of this Count III.

**ANSWER: Defendant MCG restates and reasserts its Answers to Paragraphs 1 through 15 as though stated herein.**

16. Ms. Zietlow was employed by MCG from approximately August 30, 2004 until February 23, 2006.

**ANSWER: Defendant MCG admits that the Plaintiff was employed by it between August 30, 2004 and February 24, 2006.**

17. MCG learned on or about January 17, 2006 that Ms. Zietlow was newly pregnant.

**ANSWER: Defendant MCG denies the allegations set forth in Count III, Paragraph 17 of the Complaint. Defendant learned of the Plaintiff's pregnancy on or about February 16, 2006.**

18. Subsequent to January 17, 2006, MCG made the decision to fire Ms. Zietlow and first notified Ms. Zietlow that she was being fired on the day she was fired which was February 23, 2006.

**ANSWER: Defendant MCG denies the allegations set forth in Count III, Paragraph 18 of the Complaint.**

19. During the course of Ms. Zietlow's employment with MCG Ms. Zietlow had increasingly been subjected to discrimination on the basis of her gender, female, in the following ways:

   a. Ms. Zietlow has been treated differently than males;

   b. Ms. Zietlow has been subjected to unequal terms and conditions of employment because of her gender and/or pregnancy; and,

   c. Ms. Zietlow was terminated on February 23, 2006 due to her gender and/or pregnancy.

**ANSWER: Defendant MCG denies the allegations set forth in Count III, Paragraph 19 of the Complaint.**

20.    As a direct and proximate result of the foregoing unlawful employment practices and disregard for Ms. Zietlow's federally protected rights, Ms. Zietlow has suffered loss of pay, economic loss, damages, embarrassment, humiliation, emotional distress, disruption of her personal and professional life, and other forms of damage, including suffering a miscarriage and being forced to file for bankruptcy protection.

**ANSWER: Defendant MCG denies the allegations set forth in Count III, Paragraph 20 of the Complaint.**

### COUNT IV

### VIOLATION OF TITLE VII – PREGNANCY DISCRIMINATION AGAINST DPS

1-15.   Ms. Zietlow restates and realleges Paragraphs 1 through 15 of Common Allegations as Paragraphs 1 through 15 of this Count IV.

**ANSWER: Defendant DPS restates and reasserts its Answers to Paragraphs 1 through 15 as though stated herein.**

16.    Ms. Zietlow was employed by DPS from approximately August 30, 2004 until February 23, 2006.

**ANSWER: Defendant DPS denies that the Plaintiff was ever employed by it, including during the time between August 30, 2004 and February 24, 2006.**

17.    DPS learned on or about January 17, 2006 that Ms. Zietlow was newly pregnant.

**ANSWER: Defendant DPS denies the allegations set forth in Count IV, Paragraph 17 of the Complaint. Defendant learned of the Plaintiff's pregnancy on or about February 16, 2006.**

18.    Subsequent to January 17, 2006, DPS made the decision to fire Ms. Zietlow and first notify Ms. Zietlow that she was being fired on the day she was fired which was February 23, 2006.

**ANSWER: Defendant DPS denies the allegations set forth in Count IV, Paragraph 18 of the Complaint.**

19.    During the court of Ms. Zietlow's employment with DPS Ms. Zietlow had increasingly been subjected to discrimination on the basis of her gender, female, in the following ways:

   a.    Ms. Zietlow has been treated differently than males;

b.  Ms. Zietlow has been subjected to unequal terms and conditions of employment because of her gender and/or pregnancy; and,

c.  Ms. Zietlow was terminated on February 23, 2006 due to her gender and/or pregnancy.

**ANSWER: Defendant DPS denies the allegations set forth in Count IV, Paragraph 19 of the Complaint.**

20.  As a direct and proximate result of the foregoing unlawful employment practices and disregard for Ms. Zietlow's federally protected rights, Ms. Zietlow has suffered loss of pay, economic loss, damages, embarrassment, humiliation, emotional distress, disruption of her personal and professional life, and other forms of damage, including suffering a miscarriage and being forced to file for bankruptcy protection.

**ANSWER: Defendant DPS denies the allegations set forth in Count IV, Paragraph 20 of the Complaint.**

### COUNT V — VIOLATION OF TITLE VII — RETALIATION AGAINST MCG 1-15.

1-15.  Ms. Zietlow restates and realleges Paragraphs 1 through 15 of Common Allegations as Paragraphs 1 through 15 of this Count V.

**ANSWER: Defendant MCG restates and reasserts its Answers to Paragraphs 1 through 15 as though stated herein.**

16.  MCG intentionally retaliated against Ms. Zietlow by terminating her employment in response to her objecting to what she considered to be discriminatory.

**ANSWER: Defendant MCG denies the allegations set forth in Count V, Paragraph 16 of the Complaint**

17.  MCG intentionally subjected Ms. Zietlow to unequal and discriminatory treatment by retaliating against her for complaining about discrimination.

**ANSWER: Defendant MCG denies the allegations set forth in Count V, Paragraph 17 of the Complaint**

18.  By engaging and condoning retaliatory conduct, MCG discriminated against Ms. Zietlow in violation of 42 U.S.C. §2000e-3, as amended.

**ANSWER: Defendant MCG denies the allegations set forth in Count V, Paragraph 18 of the Complaint**

19.  As a direct and proximate result of the foregoing unlawful employment practices and disregard for Ms. Zietlow's federally protected rights, Ms. Zietlow has suffered loss of pay,

6284366v1 798551

economic loss, damages, embarrassment, humiliation, emotional distress, disruption of her personal and professional life, and other forms of damage, including suffering a miscarriage and being forced to file for bankruptcy protection.

**ANSWER: Defendant MCG denies the allegations set forth in Count V, Paragraph 19 of the Complaint**

### COUNT VI – VIOLATION OF TITLE VII – RETALIATION AGAINST DPS 1-15.

1-15.   Ms. Zietlow restates and realleges Paragraphs 1 through 15 of Common Allegations as Paragraphs 1 through 15 of this Count VI.

**ANSWER: Defendant DPS restates and reasserts its Answers to Paragraphs 1 through 15 of as though stated herein.**

16.   DPS intentionally retaliated against Ms. Zietlow by terminating her employment in response to her objecting to what she considered to be discriminatory.

**ANSWER: Defendant DPS denies the allegations set forth in Count VI, Paragraph 16 of the Complaint.**

17.   DPS intentionally subjected Ms. Zietlow to unequal and discriminatory treatment by retaliating against her for complaining about discrimination.

**ANSWER: Defendant DPS denies the allegations set forth in Count VI, Paragraph 17 of the Complaint**

18.   By engaging and condoning retaliatory conduct, DPS discriminated against Ms. Zietlow in violation of 42 U.S.C. §2000e-3, as amended.

**ANSWER: Defendant DPS denies the allegations set forth in Count VI, Paragraph 18 of the Complaint.**

19.   As a direct and proximate result of the foregoing unlawful employment practices and disregard for Ms. Zietlow's federally protected rights, Ms. Zietlow has suffered loss of pay, economic loss, damages, embarrassment, humiliation, emotional distress, disruption of her personal and professional life, and other forms of damage, including suffering a miscarriage and being forced to file for bankruptcy protection.

**ANSWER: Defendant DPS denies the allegations set forth in Count VI, Paragraph 19 of the Complaint.**

                                                Merchants' Credit Guide Co., and
                                                Delinquency Prevention Services, Inc.

                                                By: /s/ Scott M. Gilbert
                                                One of the Attorneys for the Defendants

Andrew B. Cripe, ARDC No. 6242727
Scott M. Gilbert, ARDC No. 6282951
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
(312) 704-3000
Firm I.D. No. 90384

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ANTOINETTE ZIETLOW, ) | |
| ) | |
| Plaintiff, ) | Case No. 07 C 6724 |
| ) | |
| vs. ) | |
| ) | Judge Manning |
| MERCHANTS' CREDIT GUIDE CO., ) | |
| an Illinois corporation, and ) | Magistrate Judge Denlow |
| DELINQUENCY PREVENTION SERVICES, ) | |
| INC., an Illinois corporation. ) | |
| ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' AMENDED AFFIRMATIVE DEFENSES

1. Defendants state that Plaintiff failed to state claims against Defendants upon which relief can be granted.

2. Defendants state that Plaintiff failed to mitigate any alleged damages.

3. Defendants state that any claims arising outside the applicable statute of limitations period are barred.

4. Defendants state that the Plaintiff's claim of retaliation is untimely and falls outside the scope of her charge.

5. Defendants state that Counts III and IV seek repetitive relief, as the Pregnancy Discrimination Act is a subset of a Title VII sex discrimination claim, and in no way entitle the Plaintiff to any additional relief beyond that which is sought in Counts I and II.

6. Defendant DPS states that it was not the Plaintiff's employer for purposes of Title VII, and therefore cannot be held liable under that statute.


7.  Defendants reserve the right to amend their affirmative defenses and/or assert additional affirmative defenses to Plaintiff's claims as additional information becomes known during the course of discovery.

                                               Merchants' Credit Guide Co., and
Delinquency Prevention Services, Inc.

By: /s/ Scott M. Gilbert
One of the Attorneys for the Defendants

Andrew B. Cripe, ARDC No.6242727
Scott M. Gilbert, ARDC No. 6282951
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
(312) 704-3000
Firm I.D. No. 90384